UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20730-JLK

MORSE LLC d/b/a CYBERKNIFE
CENTER OF MIAMI,

    Plaintiff,
v.

NATIONAL HEALTH INSURANCE
COMPANY, MERITAIN HEALTH, INC.,
and AETNA HEALTH, INC.

    Defendants.
_____/

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER is before the Court on Plaintiff's Motion to Remand (DE 34), filed July 15, 2022.[1] After careful consideration, the Court finds that Plaintiff's Motion to Remand should be granted for the reasons stated herein.

By way of background, Plaintiff filed this action in state court on January 21, 2022. *See* DE 1-2. In its Complaint, Plaintiff alleges Defendant insurance companies failed to provide coverage for medical services Plaintiff provided to Defendants' insured pursuant to an insurance policy. *Id.* Defendants removed this action to federal court on March 10, 2022 based on diversity of citizenship. *See* Not. Removal, DE 1.

On April 11, 2022, Plaintiff filed its Motion for Leave to Amend its Complaint (DE 15) seeking to replace Defendant Aetna, Inc. with Aetna Health, Inc. to correct, as Plaintiff argues, a

---

[1] The Court has also considered Defendant National Health Insurance Company's Response in Opposition (DE 41) filed July 29, 2022, Defendant Meritain Health Inc.'s Notice of Adoption (DE 42) filed July 29, 2022, and Plaintiff's Reply (DE 49) filed August 5, 2022.

scrivener's error. Defendants opposed the Motion for Leave, arguing that Plaintiff's amendment was solely intended to destroy diversity because Aetna Health, Inc. is a non-diverse party. DE 18. On June 10, 2022, the Court held a hearing on the Motion to Leave and allowed Plaintiff to amend their Complaint to add Aetna Health, Inc. DE 26, 27. Accordingly, on June 27, 2022, Plaintiff filed its Amended Complaint, which added Defendant Aetna Health, Inc. *See* Am. Compl., DE 28.

Plaintiff now moves to remand this action to state court, arguing that since adding Aetna Health, Inc., the diversity requirements are no longer satisfied and as such the Court should remand due to lack of jurisdiction. DE 34. In response, Defendants argues that the Motion to Remand should be denied because it is procedurally improper, the Amended Complaint does not properly allege citizenship, service was not properly affected on Aetna Health, Inc., and that Plaintiff has strategically added Aetna Health Inc. for the purpose of destroying diversity jurisdiction. *See* Resp., DE 41.

It is axiomatic that federal courts are courts of limited jurisdiction; as constrained by Article III of the U.S. Constitution, federal courts may only hear those claims for which Congress has granted jurisdiction. *See Carnival Corp. v. Operadora Aviomar S.A. de C.V*., 883 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012). Removal from state court is proper only if the complaint raises a federal question or the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441. Federal diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity"—the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

The Court has already determined that Plaintiff was allowed to add the non-diverse party, Aetna Health, Inc. Both parties have also previously acknowledged before the Court that the addition of Aetna Health, Inc. would destroy diversity. When Plaintiff amended its Complaint with

leave of Court to correct the name of the Defendant Aetna Health, Inc., diversity jurisdiction was quashed. Both Plaintiff and Aetna Health, Inc. are citizens of Florida. *See* Not. of Removal at 2; *See also* DE 34-1. As such, this Court does not have jurisdiction to hear the instant case and remand to the state court is proper.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion to Remand **(DE 34)** be, and the same is, hereby **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the above-styled action is hereby **REMANDED** to the Circuit Court of Miami-Dade County, Florida, from where it was removed. The Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, at Miami, Florida, this 19th day of August, 2022.

                                                  JAMES LAWRENCE KING
                                                  UNITED STATES DISTRICT JUDGE

**cc:**      **All Counsel of Record**
            **The Clerk of Court**